AO108(2/90) Application for Seizure Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

All funds on deposit in Bank of America
account number xxxxxxxx 3958,
in the name of Crossing Borders Travel Club.

**APPLICATION AND AFFIDAVIT
FOR SEIZURE WARRANT**

CASE NUMBER:

I, _____Debra L. LaPrevotte_____ being duly sworn depose and say:

I am a(n) __Special Agent with the Federal Bureau of Investigation__ and have reason to believe that within the jurisdiction of this Court there is now certain property that is subject to forfeiture to the United States, namely (describe the property to be seized)

all funds on deposit in Bank of America Bank account number xxxxxxxx 3958,
in the name of Crossing Borders Travel Club.

which are (state one or more bases for seizure under the United States Code)

funds traceable to or derived from violations of Title 18, United States Code, Section 1344 (bank fraud), and are therefore subject to seizure and forfeiture

concerning a violation of Title _18_ United States Code, Section(s) _981(a)(1)(A)_. The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.   ☒ YES   ☐ NO

William R. Cowden
Asset Forfeiture Unit, Criminal Division
(202) 307-0258

Signature of Affiant
Debra L. LaPrevotte, Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence

_____
Date

at Washington, D.C.

_____                    _____
Name and Title of Judicial Officer                  Signature of Judicial Officer

### AFFIDAVIT OF SPECIAL AGENT DEBRA L. LaPREVOTTE

DEBRA L. LaPREVOTTE, being duly sworn, deposes and states as follows:

### INTRODUCTION

1. I am a Special Agent employed by the Federal Bureau of Investigation (FBI). I have been so employed for ten (10) years. Currently, I am assigned to the Asset Forfeiture/ Money Laundering Squad in the FBI's Washington, D.C., Field Division (Northern Virginia Resident Agency). My investigative assignments include investigating the asset forfeiture aspects of suspected violations of the federal anti-money laundering statutes (18 U.S.C. §§ 1956 and 1957), as well mail fraud (18 U.S.C.§ 1341), wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344), and health care fraud (18 U.S.C. § 1347) violations. I have received extensive training in Advanced Money Laundering Techniques and Complex Financial Manipulation.

2. I am currently assisting Richard Espinosa with this investigation, a Detective with the Metropolitan Police Department, Washington, D.C.

3. This affidavit is in support of seizure warrants for the following items:

    a.      pursuant to 18 U.S.C. § 981(a)(1)(C) (and Section 984), all funds on account #XXXXXXXXX1443 at Wachovia Bank, in the name of Crossing Borders Travel, up to the amount of $344,877.17;

    b      pursuant to 18 U.S.C. § 981(a)(1)(A), all funds on deposit in account #XXXXX2417 at Hong Kong Shanghai Bank (HSBC), in the name of Marcia Campbell;

    c.      pursuant to 18 U.S.C. § 981(a)(1)(A), all funds in account #XXXXXX5780 at Citibank, in the name of Marcia Campbell;

      d.      pursuant to 18 U.S.C. § 981(a)(1)(A), all funds in account #XXXX XXXX 3958 at the Bank of America, in the name of Crossing Borders Travel Club; and

      e.      pursuant to 18 U.S.C. § 981(a)(1)(A), all funds in account #XXXXXX2115 at Citibank, in the name of Marcia Campbell.

As set forth herein, there is probable cause to believe that such funds are subject to seizure and forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and/or (a)(1)(A) because they constitute proceeds traceable to a violation of 18 U.S.C. § 1344 (bank fraud) or property involved in laundering bank fraud proceeds, in violation of 18 U.S.C. § 1956.

    4. This affidavit is based on my own investigation, my review of e-mails and other records, as well as information that I have learned through communications with witnesses and other law enforcement personnel.

    5. Because this affidavit is being submitted for the limited purpose of setting forth probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are sufficient to establish probable cause as to the forfeitability of funds and other things of value in the bank accounts identified in paragraph 3 above.

**PROBABLE CAUSE**

    6. Prior to October 13, 2006, Marcia Campbell was employed at the Pharmaceutical Research and Manufactures of America ("PhRMA"), for the past six years. Ms. Campbell's job title was Director of Accounting. PhRMA is a D.C. based trade association/lobbing group for the pharmaceutical industry, with offices located at 950 F Street N.W., Washington, D.C.

7. On or about 10/10/06, PhRMA was contacted by one of its vendors, National Media, Inc., who inquired about a payment that it had not received. Based on this call, PhRMA conducted an audit and found that the $73,560 that should have been transferred from its bank account at the Bank of America (a "financial institution" within the meaning of 18 U.S.C. § 20) to National Media, Inc., was actually transferred into the Washington Mutual Bank account #XXXXXX1252, belonging to Marcia Campbell. This wire transfer occurred on July 25, 2006. Ms. Campbell had access to the computer programs that permitted the improper diversion of the PhRMA funds that had been under the custody or control of its Bank of America branch located in the District of Columbia.

8. The audit disclosed that this was not the first such diversion of PhRMA's funds to Ms. Campbell's Washington Mutual Bank account. On December 15, 2005, an additional transfer of $150,000, was wired to the Washington Mutual Bank account (#XXXXXX1252) belonging to Marcia Campbell. These funds were supposed to be transferred to an account belonging to LETNOM Productions, Inc., another PhRMA vendor.

9. Since May 12, 2004, Ms. Campbell has had some of her legitimate payroll income from PhRMA deposited into her checking account, via direct deposit, at Washington Mutual Bank (#XXXXXX1252). Since December 15, 2005, this Washington Mutual account also has received at least $223,560 in funds stolen from PhRMA. These funds have been co-mingled with her work income. Ms. Campbell has not sought to return these funds diverted from PhRMA vendor payments to her personal bank account. Instead, it appears that she has diverted funds from PhRMA's D.C. based Bank of America account to accounts she controlled, and then withdrawn such funds to purchase assets for herself, including real property located in Jamaica.

A total of less than $12,000 was seized within the past week from the Washington Mutual Bank account, pursuant to a previously issued seizure warrant, which seized amount reflected the total deposits remaining in that account at that time. Thus, it appears that Ms. Campbell recently has moved considerable stolen funds out of this account, into other accounts that she controls, with the intent to conceal the nature, location, source, ownership or control of such proceeds, in violation of the Federal anti-money laundering prohibitions.

    10. On Monday, October 16, 2006, pursuant to a search warrant, Detective Espinosa and other officers from the Metropolitan Police Department searched Ms. Campbell's residence. The searching officers found records that indicate that Ms. Campbell was in the process of purchasing a large parcel of land in Jamaica, on which she was building the Jamaica Mountain Hotel & Spa. These records reveal multiple wire transfers from bank accounts controlled by Ms. Campbell to attorneys in Jamaica for the purchase of real property and for building the hotel and spa.

### A. Account #XXXXXXXXX1443 at Wachovia Bank

    11. Your affiant reviewed the numerous documents that were recovered during the search of Ms. Campbell's residence. A document found on Ms. Campbell's refrigerator indicated that Ms. Campbell caused an additional $344,877.17 to be electronically transferred from the PhRMA Bank of America account directly into account #XXXXXXXXX1443 at Wachovia Bank. The name on this Wachovia Bank account is: "Crossing Borders Travel." Records indicate that this account is owned/controlled by Ms. Campbell. As is the case for funds diverted to Ms. Campbell's payroll account at Washington Mutual Bank, Ms. Campbell has not sought to return funds diverted directly from PhRMA's D.C. Bank of America account (also earmarked for

vendor payments) to the Crossing Borders Travel account she controlled at Wachovia bank.

12. Your affiant reviewed documents that reveal that between June 9, 2005 and September 15, 2006, Ms. Campbell routed nine payments that should have been directed to PhRMA vendors into her Crossing Borders Travel account at Wachovia Bank. These nine wire transfers, which totaled $344,877.17, occurred as follows:

    a.    on 06/09/02: $3,750.05;

    b.    on 10/07/05: $46,290;

    c.    on 01/27/06: $50,000;

    d.    on 03/06/06: $125,000,

    e.    on 06/16/06: $4,013.75;

    f.    on 06/16/06: $17,312.77;

    g.    on 06/16/06: $77,273.81;

    h.    on 07/25/06: $12,953.84;

    I.    on 07/25/06: $7,085; and

    j.    on 09/15/06: $1,197.96.

13. I am advised that, in pertinent part, 18 U.S.C. § 984(b) provides:

> (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution -
>
> > (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
> >
> > (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

I am advised that, in essence, Section 984 allows the United States to seize for civil forfeiture identical ("fungible") property found in the same place where the "guilty" property had been kept.  See United States v. All Funds Presently on Deposit at American Express Bank, 832 F. Supp. 542, 558 (E.D.N.Y. 1993).  I am further advised that the "fungibility" rule of Section 984 cannot reach back in time for an unlimited period.  Section 984(b) provides: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."  This presumption may not be necessary here, however, because in this case I have no information indicating that funds other than those derived from bank fraud were deposited into the Crossing Borders Travel account at Wachovia Bank.

14. Documents reflect that Ms. Campbell deposited or caused to be deposited from PhRMA's Bank of America account into the Crossing Borders Travel account at Wachovia Bank at least $344,877.17.  Thus, funds in account #XXXXXXXXX1443 at Wachovia Bank, in the name of Crossing Borders Travel, up to $344,877.17, are subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

**B. Account #XXXXX2417 at Hong Kong Shanghai Bank**

15. While reviewing bank statements for the Crossing Borders Travel account, #XXXXXXXXX1443, at Wachovia Bank, your affiant traced two transfers of funds totaling $13,000 from the Crossing Borders Travel account into account #XXXXX2417 at Hong Kong Shanghai Bank (HSBC).  The HSBC account is in the name of Marcia Campbell.  This HSBC account appears to be an on-line banking account that Ms. Campbell recently opened.  Two transfers into the HSBC account consisted of a March 15, 2006 deposit of $5,000 and a

September 28, 2006 deposit of $8,000. Based on the timing of the transfers, the source for these HSBC deposits appears to be the Wachovia Bank account listed above, the same account into which the PhRMA funds were deposited. But even if the funds came from Ms. Campbell's payroll account at Washington Mutual Bank, within the past year Ms. Campbell diverted almost $225,000 in proceeds from her bank fraud scheme into her payroll account at Washington Mutual.

      16. Your affiant reviewed tax returns that were located in Ms. Campbell's residence. Based on a review of these tax returns, it appears that Ms. Campbell had limited legitimate income. It appears that in 1999, Ms. Campbell's gross income was $29,079. In 2000, Ms. Campbell had gross income of $55,009. By 2003, Ms. Campbell had gross total income of $53,607, and by 2004, she had gross income of $63,075. PhRMA officials report that Ms. Campbell's most recent salary was approximately $90,000 per year, or bi-weekly take-home pay of approximately $2,700. Based on a review of the past and current income and the amount of funds the Ms. Campbell has re-routed from PhRMA accounts to the two accounts under her direct control, there is probable cause to believe that the funds in the HSBC account came either from her Washington Mutual payroll account (into which approximately $225,000 of bank fraud proceeds were deposited) or the Wachovia account (into which approximately $345,000 of bank fraud proceeds were deposited). Therefore, there is probable cause to believe that all funds deposited into Ms. Campbell's HSBC account represent property involved in money laundering, in violation of 18 U.S.C. § 1956. Thus, all funds in Account #XXXXX2417 at Hong Kong Shanghai Bank, in the name of Marcia Campbell, are subject to seizure and forfeiture under 18 U.S.C. § 981(a)(1)(A), as property involved in money laundering.

### C. Account #XXXXXX5780 at Citibank

17. While reviewing the bank records found in Ms. Campbell's residence, your affiant saw bank records for account #XXXXXX5780, at Citibank in the name of Marcia Campbell. Your affiant confirmed that on Friday, October 13, 2006, a check for $27,000 cleared for deposit into this account. The $27,000 check was written from account #XXXXXXXX1443 at Wachovia Bank, in the name of Crossing Borders Travel. Thus, there is probable cause to believe bank fraud proceeds were recently transferred from account #XXXXXXXX1443 at Wachovia Bank into account #XXXXXX5780, at Citibank in the name of Marcia Campbell, and that all funds on deposit in this account represent property involved in money laundering, in violation of 18 U.S.C. § 1956. Thus, all funds in account #XXXXXX5780, at Citibank in the name of Marcia Campbell are subject to seizure and forfeiture under 18 U.S.C. § 981(a)(1)(A), as property involved in money laundering.

### D. Account #XXXX XXXX 3958 at Bank of America

18. A review of bank records found for Bank of America account #XXXX XXXX 3958, in the name of Crossing Borders Travel Club, your affiant identified the following deposits:

    a.    on 09/02/05: $8,000;

    b.    on 10/31/05: $9,500; and

    c.    on 12/01/05: $8,000.

These three deposits total $25,500. Your affiant reviewed bank records for the Wachovia Bank (Crossing Borders) account that directly received the funds stolen from PhRMA. From that account your affiant discovered that on or around 12/01/05, Ms. Campbell wrote a check for $8,000. It is believed that this is the $8,000 that was then deposited into this Bank of America

account on 12/01/05. The size of these deposits and the knowledge that these deposits far exceed her normal legitimate income, give probable cause to believe that the other two deposits were also derived from the funds stolen from PhRMA. There is probable cause to believe bank fraud proceeds were transferred from account #XXXXXXXXX1443 at Wachovia Bank into Bank of America account #XXXX XXXX 3958, and that all funds on deposit in this account represent property involved in money laundering, in violation of 18 U.S.C. § 1956. Thus, all funds in Bank of America account #XXXX XXXX 3958, in the name of Crossing Borders Travel Club, are subject to seizure and forfeiture under 18 U.S.C. § 981(a)(1)(A), as property involved in money laundering.

### E. Account #XXXXXX2115 at Citibank

19. During a search of Ms. Campbell's vehicle, a deposit slip was located that indicated that on 07/18/06, Ms. Campbell deposited $55,397.02 into account #XXXXXX2115 at Citibank, in the name of Marcia Campbell. Your affiant knows that during June 2006, or prior to the $55,397.02 deposit, Ms. Campbell re-routed in excess of $98,500 from PhRMA's account into a Wachovia account #XXXXXXXXX1443 (Crossing Borders) that she controlled. Given that Ms. Campbell only earned (recently) approximately $2,700 bi-weekly from her salary, and that only a portion of her salary was, in any event, deposited into the Washington Mutual account into which almost $225,000 in bank fraud proceeds also were deposited, and not deposited into this Citibank account, there is probable cause to believe that this $55,397.02 deposit represents a portion of funds Ms. Campbell embezzled from PhRMA and is therefore subject to seizure and forfeiture.

20. I am advised that 18 U.S.C. § 981(b)(3), provides that "a seizure warrant may be

issued . . . by a judicial officer in any district in which a forfeiture action against the property may be filed under Section 1355(b) of Title 28, *and may be executed in any district in which the property is found . . . .*" Accordingly, this District Court may issue and cause to be served in any other district the requested seizure warrants.

## CONCLUSION

21. Based on the information contained in this affidavit, there is probable cause to believe that Marcia Campbell knowingly caused at least $568,560 to be wired from the PhRMA's Bank of America bank account to two accounts she controlled: (1) account #XXXXXX1252 at Washington Mutual Bank; and (2) account #XXXXXXXXX1443 at Wachovia Bank. Further, there is probable cause to believe that such funds up to the amounts specified herein are subject to seizure and forfeiture under 18 U.S.C. § 981(a)(1)(C) because they constitute proceeds traceable to a violation of 18 U.S.C. § 1344 (bank fraud). Probable cause also exists to believe that after Ms. Campbell secured the proceeds of her improper scheme to obtain property owned by, or under the custody or control of the Bank of America, a financial institution (bank fraud), she engaged in financial transactions (subsequent transfers of bank fraud proceeds to other the bank accounts identified herein, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of a specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)((B). Thus, all funds in these accounts are subject to seizure and forfeiture under 18 U.S.C. § 981(a)(1)(A). It is therefore respectfully requested that seizure warrants be issued for the following items:

    a.    pursuant to 18 U.S.C. § 981(a)(1)(C) (and Section 984), all funds on account #XXXXXXXXX1443 at Wachovia Bank, in the name of

   Crossing Borders Travel, up to the amount of $344,877.17;

b pursuant to 18 U.S.C. § 981(a)(1)(A), all funds on deposit in account #XXXXX2417 at Hong Kong Shanghai Bank (HSBC), in the name of Marcia Campbell;

c. pursuant to 18 U.S.C. § 981(a)(1)(A), all funds in account #XXXXXX5780 at Citibank, in the name of Marcia Campbell;

d. pursuant to 18 U.S.C. § 981(a)(1)(A), all funds in account #XXXX XXXX 3958 at the Bank of America, in the name of Crossing Borders Travel Club; and

e. pursuant to 18 U.S.C. § 981(a)(1)(A), all funds in account #XXXXXX2115, at Citibank, in the name of Marcia Campbell.

_____
Debra LaPrevotte
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this _____ day of October, 2006.

_____
United States Magistrate Judge